Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD DICKON, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL CREDIT SERVICES LLC., and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Richard Dickon, by way of Complaint against Defendants, Central Credit Services LLC., and John Does 1 to 10, says:

**I.   NATURE OF THE ACTION**

1. Plaintiff brings this action for damages against Defendant arising from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. As described more fully below, Defendant violated the FDCPA by sending debt collection letters to Plaintiff and other New Jersey consumers which unlawfully exposed the account number associated with the alleged debts to the public through the window envelopes in which the collection letters were sent.  Such conduct violates section 1692f(8) of the FDCPA.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

## III.  PARTIES

5. Plaintiff, Richard Dickon ("Plaintiff"), is a natural person residing in Ridgefield Park, New Jersey in Bergen County.

6. Defendant, Central Credit Services LLC ("Defendant"), is a collection agency with an office located at 9550 Regency Square Boulevard, Suite 602, Jacksonville, Florida 32225.

## IV.  FACTS

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons allegedly owed to others, which arise from transactions which are primarily for personal, family, or household purposes.

9. Defendant is engaged in the collection business.

10. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to Toyota Motor Credit Corporation ("Debt" or "Account").

11. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

12. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

13. Defendant contends that the Account is past-due and in default.

14. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

15. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

## V. EXPOSURE OF ACCOUNT NUMBERS

16. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on or about August 15, 2014 ("CCS Letter").

17. A true copy of the CCS Letter, but with redactions, is attached as **Exhibit A**.

18. The CCS Letter was mailed in a window envelope.

19. Being sent in a window envelope, the account number associated with the Debt was visible through the window of the envelope.

20. The account number exposed is personal identifying information, and its disclosure has the potential to cause harm to the consumer.

21. The disclosure of Plaintiff's account number has the potential to identify Plaintiff as a debtor.

22. Defendant could have easily taken measures to prevent the account number from being visible through the window envelope but chose not to do so.

23. Defendant has recklessly availed Plaintiff's personal identifying information to the public.

24. The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by

use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8) (emphasis added).

25. Unlawfully exposing the account number associated with the Debt violates the FDCPA because it is impermissible language or symbols under § 1692f(8) which has the potential to cause harm to a consumer.[1]

26. Defendant used the same procedures it used in sending the CCS Letter to Plaintiff in a window envelope when sending the same and/or similar letters to numerous other New Jersey consumers.

27. During the period from one year before Plaintiff's Complaint was filed to the present, Defendant sent letters the same or similar to the CCS Letter in window envelopes to numerous New Jersey consumers in an attempt to collect a debt.

28. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which unlawfully exposed the recipients' sensitive account numbers to the public, in violation of sections 1692f and 1692f(8) of the FDCPA.

## VI. CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

---

[1] *See Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (account number visible through the glassine window of the envelope violated the FDCPA); *Styer v. Prof'l Med. Mgmt., Inc.*, No. 3:14-CV-2304, 2015 U.S. Dist. LEXIS 92349 (M.D. Pa. July 15, 2015) (disclosure of the quick response code containing the debt collector's account number through the window envelope violates the FDCPA as a matter of law); *Kostik v. ARS Nat'l Servs.*, No. 3:14-CV-2466, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015) (following *Douglass* and *Styer*).

30. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All consumers residing in the State of New Jersey, to whom Defendant Central Credit Services LLC, sent a collection letter; which letter (a) was dated on or after the date one year prior to the date this Complaint is filed up through the date this Complaint is filed, (b) was seeking to collect a consumer debt allegedly owed to Toyota Motor Credit Corporation, and (c) was sent in a windowed envelope such that the account number associated with the debt was visible from outside the envelope.

31. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

32. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

33. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendant is a debt collector under the FDCPA;
>
> B. Whether Defendant exposed the account numbers associated with the debts of Plaintiff and the putative class members through the window envelopes when sending written collection communications;
>
> C. Whether Defendant violated 15 U.S.C. §§ 1692f and 1692f(8) by exposing the account numbers associated with the debts through the window envelopes when sending written collection communications; and
>
> D. Whether Plaintiff and the Class are entitled to statutory damages.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will

cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

35. Plaintiff's claims are typical of the claims of the members of the Class.

36. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

37. Plaintiff does not have interests antagonistic to those of the Class.

38. The Class, of which Plaintiff is a member, is readily identifiable.

39. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.  Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

40. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

41. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII.   FIRST COUNT: VIOLATIONS OF THE FDCPA

42. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

43. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

44. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

45. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46. The CCS Letter, copy of which appear as Exhibit A, and the letters which are the same or similar in form to Exhibit A, sent by Defendant to Plaintiff and other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

47. The CCS Letter and the letters that are the same and similar in form to the CCS Letter were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

48. Defendant's use of the written communications in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

    a. Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

    b. Defendant used any language or symbol, other than debt collector's address, on the envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

49. The violations of the FDCPA described herein constitute *per se* violations.

50. Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Richard Dickson, on behalf of himself and others similarly situated, demands judgment against Defendant, Central Credit Services LLC, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to <u>Local Civil Rule</u> 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

*s/ Yongmoon Kim*
Yongmoon Kim
Kim Law Firm LLC
*Attorneys for Plaintiff on behalf of himself and those similarly situated*

Dated: August 14, 2015